EDWARD PAUL DEPTULA and            )
KIM DEPTULA,                       )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )        No. 4:10 CV 1542 DDN
                                   )
AMACKER, L.L.C. d/b/a AMACKER      )
OUTDOORS, SELLMARK CORPORATION,    )
and AMACKER INTERNATIONAL, INC.,   )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

This action is before the court on the motions of defendants Amacker, L.L.C. and Sellmark Corporation for summary judgment (Docs. 42, 45) and to strike (Docs. 53, 55, 68, 70). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 40.) Oral arguments were heard on July 15, 2011.

## I. BACKGROUND

On August 18, 2010, plaintiffs Edward Paul Deptula and Kim Deptula commenced this action against defendants Amacker, L.L.C., Sellmark Corporation, and Amacker International, Inc., for damages sustained when Edward Deptula fell from a tree stand. (Doc. 1.) On January 4, 2011, the court sustained plaintiffs' unopposed voluntary motion to dismiss without prejudice Amacker International, Inc., which had been administratively dissolved. (Docs. 23, 25.)

In their complaint, plaintiffs raise four claims against defendants. In Count I, Edward Deptula alleges a products liability claim against defendants as designers, manufacturers, and sellers of the defective tree stand. (Doc. 1 at ¶¶ 1-13.) In Count II, he alleges a negligence claim against defendants. (Id. at ¶¶ 14-16.) In Count III, he alleges defendants breached their implied warranties regarding the merchantable quality, safety, and fitness of the defective tree stand. (Id. at ¶¶ 17-

21.)  In Count IV, plaintiff Kim Deptula, Edward's spouse, seeks damages for loss of consortium.  (<u>Id.</u> at ¶¶ 22-24.)

## II.  MOTIONS TO STRIKE

Defendants move to strike: (1) plaintiffs' response to defendants' statements of undisputed facts; (2) plaintiffs' statement of undisputed facts; and (3) exhibits 1, 2, 3, and 4 attached to plaintiffs' response to defendants' motions for summary judgment.  (Docs. 53, 55, 68, 70.)

### A.  Plaintiffs' Responses

Defendants filed statements of undisputed facts containing assertions of fact in 37 enumerated paragraphs.  (Docs. 44, 47.)  In their response, plaintiffs agreed that the factual averments of paragraphs 1-3, 8-10, 13-15, 19, 23, 24, 33, 34, 36, and 37 were true. (Doc. 50.)  Plaintiffs denied the facts contained in paragraphs 11, 25, 32, 35, and declined to admit or to deny the facts of paragraphs 4-7, 12, 15-18, 20-22, and 26-31 on the basis that they "are without sufficient knowledge to either admit or deny [those] allegations."  (<u>Id.</u>)

In their response to defendants' statement of uncontroverted facts and in their statement of uncontroverted facts, plaintiffs do not support their assertions with citations to evidence in the record.  E.D. Mo. L.R. 7-401(E) states that a party opposing summary judgment must identify "[t]hose matters in dispute . . . with specific references to portions of the record, where available, upon which the opposing party relies." E.D. Mo. L.R. 7-401(E).  The court must disregard a non-moving party's factual opposition to summary judgment if the non-moving party failed to support its opposing facts with citations to the record.  <u>See</u> <u>McGee v. Nat'l Healthcare Corp.</u>, No. 4:08 CV 1092 DJS, 2009 WL 3335102, at *1 (E.D. Mo. Oct. 15, 2009).  Thus, the court must disregard plaintiff's factual responses and plaintiffs' statement of uncontroverted fact for failing to support of their factual asserts with citations to the record.

Further, plaintiffs' general responses of being "without sufficient knowledge to either admit or deny" defendants' allegations are insufficient to controvert defendant's statements of uncontroverted facts.  E.D. Mo. L.R. 7-401(E); <u>Chavers v. Shinseki</u>, 667 F. Supp. 2d 116,

121 n.2 (D.D.C. 2009) (plaintiff's response, that she "ha[d] insufficient information to admit or deny" defendant's supported statement of material fact, was insufficient to controvert the fact for summary judgment purposes).

Therefore, plaintiffs' responses and plaintiffs' statement of uncontroverted facts are stricken from the record.

## B.  Exhibits 1-4

"When reviewing a summary judgment motion, a court can only consider admissible evidence."  <u>Northwest Hamilton Lake Development Co., L.L.C. v. Am. Fed., Inc.</u>, No. 4:04 CV 487 SNL, 2006 WL 47432, at *4 (E.D. Mo. Jan. 9, 2006); <u>see also</u> <u>Shaver v. Indep. Stave Co.</u>, 350 F.3d 716, 723 (8th Cir. 2003).  Defendants challenge plaintiffs' exhibits 1-4 as being non-admissible hearsay and not properly authenticated.

At the hearing, the parties agreed that plaintiffs' exhibits 1-4 were hearsay.[1]  "Hearsay evidence may not be admitted unless it falls into one of the recognized hearsay exceptions."  <u>Chadwell v. Koch Refining Co., L.P.</u>, 251 F.3d 727, 731 (8th Cir. 2001).  Nor may a party rely on hearsay evidence to defeat a summary judgment motion, unless the evidence is admissible under a hearsay exception.  <u>Walker v. Wayne Cnty., Iowa</u>, 850 F.2d 433, 435 (8th Cir. 1988).  The parties agree that the exhibits do not fall within one of the recognized hearsay exceptions.

Further, plaintiffs have not authenticated their exhibits with supporting affidavits in accordance with Federal Rule of Evidence 901, nor are the exhibits self-authenticating documents under Federal Rule of Evidence 902.  <u>Specht v. Google Inc.</u>, 758 F. Supp. 2d 570, 581 (N.D. Ill. 2010) (screen shot printouts of websites stricken for failure to authenticate).

Therefore, plaintiffs' exhibits 1-4 are also stricken from the record.

## III.  MOTIONS FOR SUMMARY JUDGMENT

---

[1]Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).

In their responses to defendants' motions for summary judgment, plaintiffs sought time to conduct additional discovery to respond more fully to defendants' motions. Defendants did not oppose plaintiffs' request, which was made before the close of discovery, and the parties have since conducted the additional discovery.

Plaintiffs now seek additional time to file their responses. Defendants do not oppose plaintiffs' request. The court agrees that plaintiffs are entitled to additional time to file their responses. <u>See Nord v. Kelly</u>, 520 F.3d 848, 852 (8th Cir. 2008) (A party must be afforded "a fair chance to respond to [an adverse] summary judgment motion.").

Therefore, plaintiffs will be given additional time to file renewed responses to defendants' motions for summary judgment.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motions of defendants Sellmark Corporation and Amacker, L.L.C. to strike plaintiffs' statement of uncontroverted facts, plaintiffs' response to defendants' statements of uncontroverted facts, and plaintiff's exhibits 1-4 (Docs. 53, 55, 68, 70) are sustained.

**IT IS FURTHER ORDERED** that plaintiffs Edward Paul Deptula and Kim Deptula shall file renewed responses to defendants' motions for summary judgment and statements of uncontroverted facts no later than August 15, 2011. Defendants shall file reply memoranda no later than September 6, 2011. Oral argument on the pending motions for summary judgment will be heard on September 20, 2011 at 10:00 a.m.

**IT IS FURTHER ORDERED** that the dates set forth in the Case Management Order are stayed pending resolution of defendants' motions for summary judgment.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 27, 2011.